IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02979-WYD-MEH

DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,

Plaintiff,

v.

JOHN DOES 1-10,

Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to Take Limited Expedited Discovery Prior to Rule 26(f) Conference [filed November 3, 2014; docket #8]. Plaintiff's motion is **granted** as follows.

Plaintiff's motion alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning the identities of the Doe Defendants.

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, Plaintiff's motion is **granted** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the ten (10) IP addresses listed in Docket #1-1. The subpoenas shall be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by the Plaintiff. Finally, the Court emphasizes that Plaintiff may only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautions Plaintiff that improper use of this information may result in sanctions.

Entered and dated at Denver, Colorado, this 5th day of November, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge